S12Y0220. IN THE MATTER OF JOHN STEPHEN OLCZAK.
(720 SE2d 641)

PER CURIAM.

John Stephen Olczak, a member of the State Bar of Georgia since 2000,[1] has filed a petition for voluntary discipline in which he seeks a Review Panel reprimand for his admitted violation of Rule 1.4 of the Georgia Rules of Professional Conduct found in Rule 4-102 (d) of the Rules and Regulations of the State Bar of Georgia. Rule 1.4 states that a lawyer "shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, shall keep the client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information." Olczak filed his petition after a client filed a grievance concerning Olczak's failure to document the time devoted to the client's matter or to communicate sufficiently with the client concerning the means by which her financial objectives were to be accomplished.

From the admissions made by Olczak in his petition[2] and the State Bar's response thereto, we discern the following: Olczak was retained by the client in 2001 to represent her as co-executor of her husband's estate.[3] His legal work for the client expanded to include other financial and business matters and, after the client established a charitable foundation in late 2004, he served as the foundation's director until the client closed the foundation in 2008. Although Olczak held frequent meetings with the client regarding her legal and financial affairs, he admits he did not adequately document the time devoted to her matters or sufficiently communicate with her concerning the means by which her financial objectives were to be accomplished. The client subsequently discharged Olczak and hired new counsel to assist her in obtaining information from Olczak, who was slow to deliver the information to the client's new lawyer. Though subsequent review of his work indicated no financial misconduct, Olczak's failure to adequately communicate with the client caused her to become uncertain of his motives and the legitimacy of

---

[1] State Bar No. 551355.

[2] Olczak's petition was filed prior to the issuance of a formal complaint, pursuant to Bar Rule 4-227 (b) (2).

[3] The client advised the State Bar that she was not aware of any and made no claim of improper conduct regarding her husband's estate.

the fees he charged. Olczak acknowledges that his manner of communication could have caused the client and/or third parties to misconstrue his actions, and he admits that his conduct violated Rule 1.4, the maximum sanction for which is a public reprimand.

In his petition, Olczak sets out factors to be considered in mitigation of discipline: he does not have a prior disciplinary record; he has made full and free disclosure and has displayed a cooperative attitude in the disciplinary proceedings; and he has exhibited good moral character and has a good reputation in the community. The petition also states that Olczak has donated time to the Atlanta Volunteer Lawyers Foundation and the Pro Bono Project of the State Bar and contains as an attachment a letter from Judge Floyd Propst III, which states that Propst has known Olczak since 2006, has observed him in various settings, and that Olczak has always exhibited the type of character, integrity and professionalism that serves the profession well. The State Bar filed a response to Olczak's petition in which it stated it has no objection to the petition.

Having reviewed the record, we conclude that a Review Panel reprimand is the appropriate sanction in this case, and we therefore accept the petition for voluntary discipline. Accordingly, the Court hereby orders that John Stephen Olczak receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b) for his admitted violation of Rule 1.4.

*Petition for voluntary discipline accepted. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*Warren R. Hinds*, for Olczak.
*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.